| iLEMMON, Justice,
dissenting.
I disagree that a lawyer should be suspended from practice (or even formally charged in a disciplinary proceeding) for failing to appear in response to a subpoena ordering his or her appearance to give testimony concerning a disciplinary complaint.
Disciplinary counsel has the power to issue investigatory subpoenas, before formal charges have been filed, and to compel the attendance of witnesses and the production of documents. La.Sup.Ct.R. 19, § 14B. If the person subpoenaed fails to comply, disciplinary counsel has the authority to enforce the subpoena, under penalty of contempt, in the district court of the parish where attendance or production is required. La.Sup.Ct.R. 19, § 14D.
The court rules thus prescribe the method for resolving the problem of lawyers who do not respond to investigatory subpoenas. It is unnecessary to utilize the lengthy process of a formal disciplinary proceeding to obtain compliance with subpoenas, and arguably it is waste of the time and talents of the members of the hearing committees and the Dis *985 ciplinary Board to employ this unnecessary proceeding, with the exception of those cases in which a lawyer purposefully attempts to obstruct the operation of the disciplinary system. Formal disciplinary proceedings generally should be reserved for punishing dishonesty or curbing unethical behavior, and should not be employed to punish non-compliance with subpoenas when the court rules provide a specific method to enforce compliance Runder penalty of contempt.
The use of a formal disciplinary proceeding and the penalty of a sixty-day suspension were particularly inappropriate in this case, since the underlying complaint of unethical conduct resulted in a decision that no penalty was warranted.
I therefore dissent.